## WILLIAM G. SAPPINGTON

*v.*

## CYRUS C. CARTER.

1. SPIRITUOUS LIQUORS—*accounts for sales of less than one quart, exceeding fifty cents, void.* Where a plaintiff's account is for spirituous liquors, sold in less quantities than one quart, the entire claim, exceeding fifty cents, is made void by statute, and a recovery on it expressly prohibited. And where a due bill is given for such liquors, sold in less quantities than one quart, no recovery can be had on the same, except as to fifty cents.

2. SAME—*instruction as to sales.* In such a case, an instruction that all accounts of retailers of liquors, for liquors sold by them or their

agents "by the drink," for a greater sum than fifty cents, were void, is not objectionable. The words "by the drink" would be understood as retailing in quantities not exceeding one quart.

APPEAL from the Circuit Court of Scott county; the Hon. CHARLES D. HODGES, Judge, presiding.

Mr. N. M. KNAPP, and Mr. JAMES M. RIGGS, for the appellant.

Messrs. CHAPMAN & HENDERSON, for the appellee

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was assumpsit in the common counts, brought by appellant against appellee, in the Scott county circuit court; pleas, the general issue, and specially, that the amount claimed was for spirituous liquors retailed, sold and delivered by plaintiff to defendant in quantities less than one quart, and that the same was void under section 17 of chapter 44 of Revised Statutes, entitled "Licenses;" also a set-off for goods sold and delivered, work and labor done, etc. Issue being joined, there was a trial by jury, resulting in a verdict for defendant for the sum of $177.50. The court below, overruling a motion for a new trial, rendered judgment on the verdict, and the plaintiff appealed to this court, assigning for error that the verdict is against the evidence, and improper instructions given for appellee.

The plaintiff gave evidence tending to show that he kept a grocery store, and sold spirituous liquors, and that defendant was indebted to him upon account, for goods sold and delivered, in the sum of $284.05; and also introduced in evidence a due bill made by defendant to him for $108.13. Plaintiff admitted that he sold whisky to the defendant by the drink, which was charged in the account. The evidence upon both sides not only tended to show, but proved that all of the account, and the amount for which the due bill was given, was for whisky sold to defendant by the drink, except about fifty

dollars which was for other things purchased at the plaintiff's grocery.

The defendant, it appears, was a wagon-maker, having his shop near to plaintiff's grocery. He gave evidence, under his plea of set-off, tending to establish an account against plaintiff for a new buggy, and making and repairing other articles, amounting in all to $306.

The section of the statute above referred to, (R. S. 1845, p. 343,) and still in force, is as follows: "All accounts of grocers or other retailers of spirituous liquors in this State, for liquors by them or their agents retailed, sold or delivered, for a greater or higher amount than fifty cents, shall be void, and no court shall entertain jurisdiction of any account of any grocer or other retailer as aforesaid, in which there shall be more than fifty cents charged for liquor; and if any grocer or retailer of spirituous liquors shall sue for, or otherwise claim of, or from any one person in this State, a greater or higher amount than fifty cents for spirituous liquors, the claim shall be void: *Provided*, that nothing in this section contained shall prevent any grocer, retailer or other person, as aforesaid, from selling spirituous liquors larger in quantity than one quart, and suing for and recovering pay for the same."

There was really no conflict in the evidence upon the question that all of plaintiff's demand, including the due bill, except about $50, was for spirituous liquor retailed and sold to defendant by the drink; and, of course, in quantities less than a quart. That being the case, the entire claim, exceeding fifty cents, so far as it was for spirituous liquors retailed in quantities not exceeding one quart, was made by the statute utterly void, and a recovery for it expressly prohibited.

There was some conflict in the testimony in respect to prices of portions of the articles, and work and labor, included in defendant's set-off; but there was no such preponderance in favor of plaintiff's view as would justify us in interfering with the verdict.

We have examined the instructions given on behalf of appellee, and think they were substantially correct. The objections of appellant's counsel are hypercritical. No jury would fail to understand that retailing spirituous liquors "by the drink," was retailing in quantities not exceeding one quart.

We are of opinion that there is no error in the record, and that the judgment should be affirmed.

*Judgment affirmed.*